HARDY, Judge.
This is a suit by plaintiff for the recovery of the sum of $490.42 alleged to be the balance due by plaintiff on a promissory note originally executed in the principal sum of $525.45. Plaintiff also prayed for the recognition of its vendor’s lien and privilege and for maintenance and enforcement of a writ of sequestration sued out against the automobile for the purchase of which defendant had given the' note in consideration. After trial there was judg-' ment rejecting plaintiff’s demands, from which it has prosecuted this appeal.
The undisputed facts show that on December 25, 1953, the defendant, James Edward Hedgepeth, purchased a 1946 Dodge automobile from one Elmer Jewell Davidson, a used car dealer, for a total price of $675.45, for which defendant traded an automobile at an allowance of $150, executing the note for the remainder. of the purchase price. Admittedly the original transaction was negotiated on the basis of the total consideration of $450, including the sum of $150 as the allowance on defendant’s trade-in, and the amount of the note was made up of the balance of $300 plus charges for insurance and discount. The note provided for payment in fifteen equal monthly installments of $35.-03 each. Although defendant insisted that he did not intend to execute a note for a principal sum greater than $300, we think it is established by a definite preponderance of the testimony that defendant knew and agreed to the number of payments in the amount above set forth. It was also established that immediately upon purchase of the automobile defendant was unable to start the car and it was necessary to hook up a battery charger in, order to start the motor and enable defendant to drive the car off the lot. Although a number of grounds of defense were urged, including fraud in the confection of the note, usury and failure of consideration, the defenses which are relied upon before this court on appeal, as succinctly stated in brief of counsel for defendant, are as follows:
“That plaintiff * . * * is not a holder in due course of the note on which it sues; secondly, that as a result of not being a holder in due course plaintiff becomes subject to any of the defenses which might be raised against the original holder; thirdly, one of the defenses good against the original holder of the note is failure of consideration which the defendant herein urges.”
Under the pleadings and proof the first two propositions, namely, that plaintiff is not a holder in due course, and as a result is subject to any defenses which might be interposed as against the original holder, must be conceded, and it is pertinent to observe that the plaintiff does not claim to bé a holder in due course, but, on the contrary, rests its claim to recovery on the specific allegation as set’forth in its petition “that petitioner is the bona fide holder and owner for value and before maturity * * * ” of the instrument sued upon.
The above concession has no adverse effect upon plaintiff’s ultimate right to recovery but only serves to open the way for the presentation of any defense which defendant might have tendered as maker Of the note against the original holder thereof.
It therefore follows that the judgment must turn upon the defense of failure of consideration. In this respect learned counsel for defendant urges that the finding of the trial judge as to the defective *132 condition of the car to such extent as warranted the setting aside of the sale is á finding of fact in full accord with the provisions of Article 2520 of the LSA-Civil Code. It is evident from this argument that the failure of consideration is construed to mean, and is urged on the ground, that the thing sold was so defective as to warrant the avoidance of the sale thereof. In other words, the failure of consideration, as here contended, is clearly in the nature of an action in redhibition, which is defined by Article 2520 of the LSA-Civil Code as follows:
“Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect; that it must be supposed that the buyer would .not have purchased it, had he known of the vice.”
The facts adduced in the instant case absolutely prohibit the application of the remedy prescribed, for it is established without question that the defendant in this case, the buyer of the automobile, was fully aware of its defective and imperfect condition at the time he consummated the transaction. In this connection we point out the fact that the defendant made no effort to offer any testimony dealing with, the vices and defects of the thing sold beyond the testimony which established the fact that he could not start the automobile. The record is barren of any evidence as to why the automobile would not start and it is not shown that defendant ever made any effort to determine the cause of this imperfection or defect, which, we reiterate, was known to him at the time of the purchase.
Under the factual circumstances of the case, sihe'e the only defect complained of was known to defendant, who had himself at one time been engaged in the used car business, it follows that he cannot be heard to urge such' defect as a failure of consideration. ' ■
For the reasons assigned the "judgment appealed from is reversed and set aside and there is now judgment in favor of plaintiff,' Motor Securities Company, and against the defendant, James Edward Hedgepeth, in the full sum of $490.45 with 8% per annum interest thereon from date of February 25, 1954, until paid, together with 15% of the total amount due as attorney’s fees, and for all costs.
It is further ordered, adjudged and decreed that the writ of sequestration be maintained; that plaintiff’s vendor’s lien and privilege upon the property sequestered be recognized, and that the said property be, and it is hereby ordered to be sold by the Sheriff of Ouachita Parish, Louisiana, at public auction for cash, with appraisement, according to all provisions of law, and that the proceeds derived therefrom be paid to petitioner, to the amount of this judgment, by preference and priority over all other persons whomsoever, and, failing the sufficiency of the amount realized to satisfy the judgment herein, that the amount of the unpaid balance be and it is made executory and enforceable against other property of the defendant herein.